# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| VS. | § | NO. 4:24-cr-00110-ALM-BD-4 |
| | § | |
| **TUAN LE** | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Tuan Le moved to reopen the question of his pretrial detention and requests release on conditions. Dkt. 111 (sealed); *see* Dkt. 113 (response). The motion will be denied.

## BACKGROUND

Le was arrested on a complaint alleging violations of 21 U.S.C. 846 (conspiracy to distribute and possess with intent to distribute amphetamine, methamphetamine over 500 grams, and cocaine over 500 grams). Dkt. 1 at 1. At his initial appearance, the government moved to detain him. Docket Entry for May 2, 2024. He waived his right to a detention hearing and "agree[d] to be held in custody pending disposition of this matter." Dkt. 20; *see* Dkt. 21 (detention order). He was later arraigned on an indictment charging a violation of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine). Dkt. 42; Minute Entry for May 21, 2024. He now seeks to reopen the question of his pretrial detention, arguing that he should be released on conditions. Dkt. 111.

## LAW

The court may reopen a detention hearing if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *See United States v. Stanford*, 341

F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

"Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of this provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, No. 94–6590, 1995 WL 25412, at *1 (6th Cir. 1995); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). "[C]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020) (Ramirez, J.).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f)(2), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)(2)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the

2

defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015). For that reason, a successful motion to reopen the question of detention must show that the new or previously unknown evidence on which the motion is based establishes that the movant is "less likely to be a flight risk or a danger to any person or the community." *United States v. James*, No. 23-50044, 2023 WL 3300973, at *1 (5th Cir. May 8, 2023).

## DISCUSSION

Le asserts that, when he waived his right to a detention hearing, he "had no one to stay with and vouch for his continued appearance at future court hearings." Dkt. 111 at 1. His motion states that he has now "found [a person] who would be responsible for [his] lodging. [The person] has a three-bedroom home he has resided in for 10 years. [Le] has a bedroom in his home and [the person] would ensure that [Le] would appear at all future court appearances and adhere to all of his conditions of release." *Id.* After providing the person's name and contact information and stating that "he is willing to speak with probation and have them visit his home," the motion asserts that "[Le]'s changed circumstances . . . demonstrate he is no longer a flight risk nor is he a danger to the community. As such, [Le] respectfully moves this Court reconsider its order of detention and grant [Le] pre-trial release." *Id.* at 2. It provides no further detail.

In response, the government first recounts the circumstances of Le's arrest and the investigation that led to it. Dkt. 113 at 1–4. It notes that, on the day of his arrest, Le was one of three people inside a residential property being used as a clandestine laboratory for controlled substances—and was the only one who refused "clear law enforcement commands to exit the residence," which contained "over 96 kilograms of methamphetamine," "approximately 1.6 kilograms of cocaine," "[t]housands of pills" in "rooms . . . [to] which Le had access," "[f]irearms, money counters, shipping materials, GPS devices, . . . safes," "[g]as masks[,] and protective gear." *Id.* at 3. The motion also states that two cooperators provided information about

Le's participation in the criminal activity being conducted at the residence, describing some of that information. *Id.* at 3–4.

After identifying the legal standard that governs Le's motion and noting that Le is presumptively subject to pretrial detention by virtue of the crime he is accused of committing, *id.* at 4–5 (citing 18 U.S.C. §§ 3142(e)(3)(A), 3142(f)), the government argues that Le has not met his burden to show that the question of detention should be reopened. It notes that the pretrial-services report that was prepared the month of Le's arrest identifies a friend who lives in the same city as the person identified in the motion, suggesting that the information noted in the motion is not new. *Id.* at 5. But even if the person identified in the motion is someone other than the person mentioned in the pretrial-services report, the government contends that Le's motion does not

> overcome[] the presumption that Le is a flight risk or presents a danger to the community based on the nature of the charged crime. Le's motion also makes no attempt to address the factors delineated in 18 U.S.C. § 3142(g) that the Court must take into account when considering the issue of detention, namely: the nature and circumstances of the offense charged, the weight of the evidence against him, the history and characteristics of the person, and finally the nature and seriousness of the danger to any persons or the community that would be posed by the person's release.

*Id.* at 6.

The government's response goes on to address each of those topics. *Id.* at 6–9. It provides detailed information about the residence that served as a clandestine laboratory and credibly asserts, among other things, that (1) the evidence against Le is "overwhelming"; (2) Le was previously convicted of, and served prison time for, two other federal offenses; (3) he was imprisoned again for violating the terms of his supervised released imposed in connection with one of those prior convictions; (4) he had been unemployed and residing at the residence associated with the present offense for several months leading up to his arrest; (5) he "has shown himself to be dishonest in the past based on two federal convictions for fraud"; and (6) "[h]e is a convicted felon, yet firearms were readily accessible in [his] residence." *Id.* It argues that Le's "past behavior coupled with the illegal pill press he actively participated in, to include procuring the

4

methamphetamine to produce the counterfeit Adderall, show that he poses an ongoing danger to the community if released." *Id.* at 9.

That demonstration carries the day here. To succeed on his motion, Le would have needed to provide the type of detail the government provided—but in support of, rather than in opposition to, the findings that the statute and case law require. *See supra* pp. 1–3. His short motion does not identify newly discovered material evidence that would support reopening the question of his pretrial detention, and he did not file a reply to the government's response.

## CONCLUSION

It is **ORDERED** that Le's motion to reopen the question of pretrial detention, Dkt. 111, is **DENIED**.

So **ORDERED** and **SIGNED** this 12th day of January, 2026.

_____
Bill Davis
United States Magistrate Judge